# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| TERRY BROWN, ) | |
| ) | |
| Plaintiff, ) | Case No. 10-03113-CV-S-DGK |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is the Plaintiff's appeal of the Social Security Administration's denial of his application for disability insurance benefits and supplemental security income. The Court has conducted an independent review of the record and considered the arguments set forth in the parties' briefs. For the reasons discussed herein, the Defendant's decision is AFFIRMED.

## Background

The complete facts and procedural history are discussed at length in the parties' briefs and are repeated here only to the extent necessary.

## Standard

The Court's review of the Defendant's decision is limited to whether it is consistent with the relevant case law, statutes and regulations, and whether the ALJ's findings of fact are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence review is a deferential standard intended to determine whether the evidence was "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Gonzales v. Barnhart,* 465 F.3d 890, 894 (8th Cir. 2006). Substantial evidence is "less than a preponderance." *Id.* The purpose of substantial evidence review is not to reach an independent conclusion, and thus it is irrelevant

that there may have been substantial evidence for a different result. *Nevland v. Apfel,* 204 F.3d 853, 857 (8th Cir. 2000). The Court must consider the entire record, including evidence that detracts from the ALJ's decision. *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008).

In determining a claimant's eligibility, the Defendant employs a five-step process. First, the Defendant determines if the claimant is engaged in "substantial gainful activity."[1] If so, the claimant is not disabled. If not, the inquiry continues. Next, the Defendant determines if the claimant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the duration requirement,[2] the inquiry continues. If not, the claimant is not disabled. Next, the Defendant considers whether any such impairment is a "listing impairment" found in Appendix 1 of 20 C.F.R. § 404.1520. If so, the claimant is disabled. If not, the inquiry continues. Next, the Defendant considers whether the claimant's residual functional capacity ("RFC") includes the ability to perform past relevant work.[3] If so, the claimant is not disabled. If not, the inquiry continues. Finally, the Defendant considers whether, in light of the claimant's age, education and work experience, the RFC finding would allow the claimant to make an adjustment to other work. 20 C.F.R. § 416.920(a)(4)(i)-(v). If so, the claimant is not disabled. If not, the claimant is found disabled and the inquiry ends. As the party requesting relief, claimants bear the burden to prove that they are disabled. However, at Step 5, the Defendant is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors." 20 C.F.R. § 404.1560(c)(2).

---

[1] Work is substantial if it "involves doing significant physical or mental activities…" Work is gainful if it is "do[ne] for pay or profit…[or] the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572. Thus, work must be substantial *and* gainful, but need not be *substantially gainful*.
[2] "Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement." 20 C.F.R. § 416.909.
[3] The Defendant defines RFC as "the most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1).

2

The ALJ found that the Plaintiff had not engaged in substantial gainful activity since November 2, 2005 and had the severe impairments of "shoulder impingement; borderline intellectual functioning; and, drug and alcohol addiction disorder. In addition, he has schizoaffective disorder, if ever severe, it is only severe with alcohol abuse…" R. at 46. The ALJ found that—without alcohol abuse—the Plaintiff did not have a listing impairment. *Id.* at 54. The ALJ then found that the Plaintiff has the RFC to perform "light work [as defined by the relevant regulations]…he may do no overhead work…[and] is limited to the performance of simple repetitive tasks commensurate with unskilled work activity…" *Id.* at 56. Based on the testimony of the vocational expert, the ALJ found that the Plaintiff could not perform any past relevant work, but retained the RFC to perform other work such as a "small products assembler." *Id.* at 60-61. The Plaintiff claims that the ALJ erred in four respects; in failing to find schizoaffective disorder and other issues among his severe impairments at Step 2, in finding that his alcohol abuse was material, in failing to properly assess his RFC, and in performing an improper credibility analysis.

**Discussion**

**A. The ALJ's Step 2 Determinations Were Proper**

At Step 2, the ALJ found that the Plaintiff's schizoaffective disorder was not a severe impairment and that any severity was the result of alcohol abuse, precluding it from consideration.[4] A claimant's burden to show that an impairment is severe is low. *See Caviness v. Massanari,* 250 F.3d 603, 605 (8th Cir. 2001) (claimants have the burden at Step 2, but it is "not great"). The ALJ may stop at Step 2 only if "the claimant's impairment or combination of

---

[4] "An individual shall not be considered disabled…if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's *determination that the individual is disabled.*" 42 U.S.C. § 423(d)(2)(C) (disability insurance benefits) (emphasis added). *See also* 42 U.S.C. § 1382c(a)(3)(J) (supplemental security income).

3

impairments would have no more than a minimal impact on [his] ability to work." *Id.* The Plaintiff asserts that the ALJ should have considered schizoaffective disorder (depressive type), intermittent explosive disorder, PTSD, panic disorder with agoraphobia, and back, neck and rib pain as severe impairments. The Defendant asserts that failure to designate an impairment as severe is not reversible error because the ALJ is required to consider all credible impairments, whether or not severe, in assessing the claimant's RFC, which the ALJ did in this case.

Regarding his back and neck pain, the ALJ noted that the record does not indicate any diagnosable condition. There must be a medically determinable impairment before there can be a severe impairment. 42 U.S.C. §§ 41(i)(1), 423(d)(1)(A). For example, Dr. Paul Stortz found the x-ray to be negative, noting that there was "[l]ittle to do from a surg[ical] standpoint," instead recommending exercise for strengthening and pain control. R. at 352. The Plaintiff's claims of PTSD, mental retardation, panic disorder and intermittent explosive disorder will be discussed in the section dealing with the ALJ's credibility determination.

## B. The ALJ Did Not Err is Discounting the Plaintiff's Credibility

The ALJ found that the Plaintiff's subjective complaints were not credible to the extent that they exceeded his RFC findings. Credibility is a determination that should be left to the ALJ, who is uniquely situated as the fact-finder to make this determination. *Baldwin v. Barnhart,* 349 F.3d 549, 558 (8th Cir. 2003). While lack of objective medical evidence supporting a claim is not a sufficient basis on which to discount a claimant's credibility, it is a factor to be considered. *Gonzales,* 465 F.3d at 895. Additionally, the ALJ should consider

> "all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating or nontreating source, and observations by our employees and other persons…your daily activities…[t]he location, duration, frequency, and intensity of your pain or other symptoms…Precipitating and aggravating factors…[t]he type, dosage, effectiveness, and side effects of any medication you take or have

4

> taken to alleviate your pain or other symptoms…[t]reatment, other than medication, you receive or have received for relief of your pain or other symptoms…[a]ny measures you use or have used to relieve your pain or other symptoms…[and o]ther factors concerning your functional limitations and restrictions due to pain or other symptoms."

20 C.F.R. § 404.1529(c)(3). In discounting the Plaintiff's credibility, the ALJ relied on the lack of objective support for the Plaintiff's subjective symptoms, his inconsistent statements, his work history, his daily activities, and his conservative treatment history. R. at 56-60. For example, the Plaintiff alleges disability dating to 2003 and an inability to lift more than 5-10 pounds occasionally, but had a job moving portable toilets in 2006. R. at 59. *See Ford v. Astrue,* 518 F.3d 979, 982-83 (8th Cir. 2008) (noting that inconsistencies can be a valid basis on which to discredit a claimant's subjective complaints). Regarding his alleged mental limitations, which the ALJ deemed would render him a "near invalid" if accurate, the ALJ noted that the Plaintiff had no difficulty handling his bills and other finances, which was simply inconsistent with his claimed limitations. *Id.* Furthermore, he is able to take care of his basic needs, such as cooking, cleaning, grocery shopping, laundry, yard work, etc. *Id. See Halverson v. Astrue,* 600 F.3d 922, 932 (8th Cir. 2010) (daily activities inconsistent with subjective complaints can form the basis of a negative credibility determination). His testimony regarding his physical abilities—such as an inability to stand for more than 5-10 minutes—was inconsistent with someone who does his own housework and walks to the store. R. at 17, 59. The Court finds that the ALJ properly discounted the Plaintiff's credibility regarding his subjective complaints. Consequently, there was no error in failing to find the above-stated impairments among the Plaintiff's severe impairments at Step 2.

## C. The ALJ's Finding of the Materiality of Alcohol Abuse is Supported by Substantial Evidence and In Accordance with the Law

As discussed previously, benefits cannot be awarded to a claimant who would not be eligible but for the effects of alcohol or drug addiction. 42 U.S.C. § 423(d)(2)(C). The Plaintiff claims that the ALJ failed to follow the correct framework for consideration of substance abuse. *See Brueggemann v. Barnhart,* 348 F.3d 689, 694-95 (8th Cir. 2003) ("If the gross total of a claimant's limitations, including the effects of substance use disorders, suffices to show disability, then the ALJ must next consider which limitations would remain when the effects of the substance use disorders are absent.") At Step 3, the ALJ found that, when considering alcohol abuse, the Plaintiff met the requirements of Listing 12.09 (Substance Addiction Disorder) "considered under 12.04" (depressive syndrome). R. at 54. The ALJ then went on to find that the Plaintiff did not have a listing impairment without considering alcohol abuse. A finding of disability at any step ends the process, so the ALJ's initial Step 3 finding *was* a finding of disability required as a threshold to the determination of materiality of substance abuse. In other words, the ALJ followed the exact framework now proposed by the Plaintiff.

The Plaintiff also argues that there was not substantial evidence for the ALJ's materiality finding. The ALJ properly rejected the outlying viewpoint of Dr. Bender—who assessed the Plaintiff with much more severe mental restrictions than the ALJ ultimately found. The ALJ rejected this view due to its reliance on the Plaintiff's incredible subjective complaints, lack of objective support and inconsistency with the record as a whole. R. at 53. The ALJ noted that even with alcohol abuse, the Plaintiff did not struggle with the activities of daily living. Regarding social functioning, the Plaintiff's violent altercations related to alcohol, and he did not have serious difficulties with concentration, persistence or pace. As a result, the ALJ's materiality finding is supported by substantial evidence—with alcohol abuse, the Plaintiff has a

listing impairment; without it, he does not.  The materiality of his alcohol abuse is fatal to his claim for benefits.

### D.  The ALJ Properly Formulated the Plaintiff's RFC

Finally, the Plaintiff claims that the ALJ erred in assessing his RFC by failing to follow Social Security Ruling 96-8p and allegedly selecting an RFC arbitrarily.  The Plaintiff argues that the ALJ improperly found that he could perform light work in the absence of any "medical determination" to that effect.  Doc. 7 at 13.  While it is certainly true that ALJs are not entitled to "play doctor," RFC is not a purely medical question and is to be determined on the basis of all record evidence.  *Pate-Fires v. Astrue,* 564 F.3d 935, 946-47 (8th Cir. 2009), 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3).  *See also Schmidt v. Astrue,* 496 F.3d 833, 845 (7th Cir. 2007) ("[T]he ALJ is *not required* to rely entirely on a particular physician's opinion or choose between the opinions any of the claimant's physicians.") (emphasis added).  After considering all of the Plaintiff's credible limitations, including giving the Plaintiff the benefit of the doubt by including borderline intellectual functioning, the ALJ found that he could perform light work with a limitation on "overhead work activity" due to shoulder problems.  R. at 56.  The claim that the ALJ reached this view arbitrarily is contradicted by the pages spent recounting the evidence of the Plaintiff's limitations.  R. at 56-60.  The ALJ heard expert testimony that a claimant with this RFC could perform other work and therefore found the Plaintiff not disabled at Step 5.  R. at 28-31, 61.

## Conclusion

The ALJ's decision is consistent with the law and supported by substantial evidence.  The ALJ's finding that the Plaintiff is not disabled is AFFIRMED.

**IT IS SO ORDERED**

Dated: June 29, 2011               /s/ Greg Kays
                                   GREG KAYS,
                                   UNITED STATES DISTRICT JUDGE